844

[No. 44086-5-II.   Division Two.   June 17, 2014.]

THE STATE OF WASHINGTON, *Respondent*, v. ARVELL LAMONT
KINDELL, *Appellant*.

*Jodi R. Backlund* and *Manek R. Mistry* (of *Backlund & Mistry*), for appellant.

*Anthony F. Golik, Prosecuting Attorney*, and *Rachael R. Probstfeld, Deputy*, for respondent.

¶1  Maxa, J. — Arvell Kindell appeals his convictions and sentence for first degree burglary and second degree unlawful possession of a firearm. One of the elements of first degree burglary is that the defendant entered or remained unlawfully in a building with the intent to commit a crime against a person or property therein. RCW 9A.52.020(1). As a matter of law, illegally possessing a firearm does not constitute a crime against property. Accordingly, we hold that (1) the trial court erred in instructing the jury in response to a jury question that whether illegally possessing a firearm constitutes a crime against property is a factual determination for the jury to decide, and (2) the error was not harmless because it allowed the jury to

convict Kindell of burglary based on an insufficient predicate crime. We address the remainder of Kindell's arguments in the unpublished portion of this opinion.

¶2 We reverse and remand for a new trial on the first degree burglary conviction. We affirm the second degree unlawful possession of a firearm conviction but remand for resentencing on that conviction.

## FACTS

¶3 On June 20, 2012, Kindell was at his former girlfriend's house in violation of a no contact order when a law enforcement officer arrived. Kindell fled on foot and on a bicycle. Looking for a place to hide, Kindell headed to Patricia Crowley's house. Kindell considered Crowley a friend, but Crowley considered Kindell to be merely an acquaintance.

¶4 Kindell knocked on Crowley's front door. Crowley's 10-year-old granddaughter, ZM, responded to the knock. When ZM opened the door halfway, Kindell came into the house. Once inside, Kindell did not threaten Crowley or ZM or make any demands other than asking them to hide him. Crowley and ZM went out the back door, where they met officers who were approaching the house. Kindell saw the officers in the backyard and retreated into the house. Crowley informed the officers that there were two firearms in her bedroom – a pistol hidden in a basket and a shotgun in a gun sock leaning against the wall. The firearms were unloaded, and the ammunition was stored in her headboard.

¶5 The officers requested that Kindell come out of the house and surrender, but initially he refused. After several hours, Kindell exited the house and was arrested. Officers found Crowley's unloaded shotgun lying on the couch in the living room. And shotgun ammunition was found in a box in the hallway and on the bed.

¶6 Kindell was charged with first degree burglary with a firearm enhancement and second degree unlawful posses-

sion of a firearm. At trial, the trial court instructed the jury on the elements of first degree burglary. Neither party took exception to the "to convict" instruction, which stated that the State was required to prove that Kindell entered or remained unlawfully in Crowley's house and that the entering or remaining was with intent to commit a crime against a person or property therein.[1]

¶7 During deliberations, the jury asked the following question: "Jury Inst[ruction] #15 [to convict/burglary instruction].... Does illegally possessing a firearm constitute a crime against property?" Clerk's Papers (CP) at 92. Kindell argued that whether illegally possessing a firearm constitutes a crime against property was a legal question, but the trial court disagreed and stated that it was a factual question. After conferring with counsel, the trial court provided the following answer to the jury: "That is a factual determination you need to collectively decide." CP at 92.

¶8 The jury found Kindell guilty of first degree burglary and second degree unlawful possession of a firearm, and answered "yes" on the special verdict form alleging that Kindell was armed with a firearm during the commission of the burglary. Kindell moved to arrest the judgment or in the alternative to grant a new trial, arguing that whether the unlawful possession of a firearm was a crime against a person or property was a question of law and not an issue for the jury to determine. The trial court denied Kindell's post-trial motions. Kindell appeals.

## ANALYSIS

¶9 One of the elements of first degree burglary is that the defendant entered or remained unlawfully in a building

---

[1] Because Kindell was charged with first degree burglary, the instruction also included an additional element – that Kindell was armed with a deadly weapon or assaulted another person during the commission or immediate flight from the burglary. *Compare* RCW 9A.52.020 (first degree burglary), *with* RCW 9A.52.025, .030 (residential burglary; second degree burglary). That element is not at issue here.

"with intent to commit a crime against a person or property therein." RCW 9A.52.020(1). In response to a jury question, the trial court instructed the jury that whether unlawfully possessing a firearm constitutes a crime against property is a factual determination for the jury to decide. By giving this response, the trial court implicitly determined that under certain facts unlawful possession of a firearm can constitute a crime against property and therefore can qualify as a predicate crime for first degree burglary.

¶10 We hold that the trial court erred in responding to the jury question because whether unlawful possession of a firearm constitutes a crime against property is a question of law, and that as a matter of law, unlawful possession of a firearm is not a crime against property. We further hold that this error was not harmless because it allowed the jury to convict Kindell of first degree burglary based on a predicate crime that as a matter of law cannot satisfy the crime against property requirement in RCW 9A.52.020(1).

A. PRESERVATION OF CHALLENGE

¶11 Initially, the State argues that Kindell failed to properly preserve his challenge to the trial court's response to the jury question by not objecting to it below. We agree, but we exercise our discretion to consider this argument on appeal.

¶12 RAP 2.5(a) states that an appellate court "may" refuse to review a claim of error not raised in the trial court. This rule allows, but does not require, us to refuse to review certain claims that an appellant failed to raise below. *State v. Osborne*, 140 Wn. App. 38, 41, 163 P.3d 799 (2007). We retain discretion under RAP 2.5(a) to consider an issue raised for the first time on appeal. *Osborne*, 140 Wn. App. at 41.

¶13 Here, during discussion of possible answers to the jury question about the first degree burglary "to convict" instruction, Kindell stated that whether unlawful possession of a firearm is a crime against property was a legal

question. The trial court expressed disagreement, stating that the issue was a factual determination. Kindell then agreed that the court should tell the jury they would need to decide the issue for themselves and did not object to the trial court's response to the jury question. In post-trial motions Kindell renewed his argument that whether unlawful possession of a firearm was a crime against property was a question of law and not an issue for the jury to determine.

¶14 Kindell did not properly object to the trial court's response to the jury question. However, he did raise the argument in the trial court that whether unlawful possession of a firearm is a crime against property was a legal question. It was only after the trial court rejected this argument that Kindell acquiesced to the trial court's response to the jury question. And Kindell argued again in post-trial motions that whether the unlawful possession of a firearm was a crime against a person or property was a question of law. Under these circumstances, we exercise our discretion under RAP 2.5(a) to consider Kindell's argument on appeal.

B. STANDARD OF REVIEW

¶15 The decision to answer jury questions and give further instructions is within the trial court's discretion. *State v. Becklin*, 163 Wn.2d 519, 529, 182 P.3d 944 (2008). However, such instructions must accurately state the law. *State v. Teal*, 152 Wn.2d 333, 339, 96 P.3d 974 (2004). We review the legal accuracy of jury instructions de novo. *Becklin*, 163 Wn.2d at 525. Instructing the jury in a manner that relieves the State of its burden to prove every element of a crime beyond a reasonable doubt is reversible error. *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007).

¶16 Here, whether the trial court's answer to the jury question represented an accurate statement of the law involves an interpretation of RCW 9A.52.020(1) and RCW 9.41.040, which is the statute defining the crime of unlaw-

ful possession of a firearm. Construction of a statute is a question of law, which we review de novo. *State v. Hirschfelder*, 170 Wn.2d 536, 541-42, 242 P.3d 876 (2010). Our objective in interpreting a statute is to discern and implement the legislature's intent. *Hirschfelder*, 170 Wn.2d at 543. " '[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.' " *Hirschfelder*, 170 Wn.2d at 543 (alteration in original) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). " 'Plain meaning is discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.' " *Hirschfelder*, 170 Wn.2d at 543 (quoting *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007)).

C. MEANING OF "CRIME AGAINST PROPERTY"

¶17 The trial court's response to the jury question was erroneous in two respects. First, whether a particular crime constitutes a crime against property is a question of law, not a question of fact for the jury to decide. Second, as a matter of law, unlawful possession of a firearm cannot constitute a crime against property under RCW 9A.52.020(1).

1. Question of Law

¶18 Whether a particular crime constitutes a crime against property involves the interpretation of the burglary statute and the statute defining the proposed predicate crime. As noted above, construction of a statute is a question of law. *Hirschfelder*, 170 Wn.2d at 541-42. As a result, we hold that the trial court must determine this issue as a matter of law and cannot defer this decision to the jury.

¶19 In *State v. Snedden*, 149 Wn.2d 914, 919-23, 73 P.3d 995 (2003), our Supreme Court determined as a matter of law that a particular crime constituted a crime against a person without specifically holding that the determination

was a question of law. In *Snedden*, the trial court engaged in a legal analysis – focusing on the language of the indecent exposure statute – to conclude that the indecent exposure statute satisfies the crime against a person requirement in RCW 9A.52.020(1). 149 Wn.2d at 919. Similarly, in *State v. Stinton*, 121 Wn. App. 569, 574-77, 89 P.3d 717 (2004), we did not expressly hold that determining whether a protection order violation was a crime against a person was a question of law. But we did frame the issue as whether "as a matter of law" the violation of a protection order could serve as the predicate crime for a burglary. *Stinton*, 121 Wn. App. at 574. In both cases the courts decided whether the crime could be a predicate crime as a question of law – i.e., focusing on the elements of the crime rather than the factual circumstances of the case. *Snedden*, 149 Wn.2d at 919; *Stinton*, 121 Wn. App. at 574.

¶20 Here, the trial court implicitly ruled that whether unlawful possession of a firearm constituted a crime against property was a question of fact for the jury. We hold that the trial court erred in making this ruling and in allowing the jury to make this determination rather than deciding the issue itself as a matter of law.

### 2. Nature of Unlawful Possession of a Firearm

¶21 The legislature did not define what constitutes a "crime against a person or property" under RCW 9A.52-.020(1) and other burglary statutes. Courts have applied a commonsense analysis focusing on the statutory elements of the particular crime supporting the burglary charge to determine whether that crime is a predicate crime under the burglary statutes. *Snedden*, 149 Wn.2d at 919 (the plain language of the indecent exposure statute satisfies the "crime against a person" requirement); *Stinton*, 121 Wn. App. at 574 (the statutory definition of a protection order violation shows that it is a "crime against a person").

¶22 Here, the jury question and the trial court's response focused on the crime against property component

of RCW 9A.52.020(1) – whether unlawful possession of a firearm constituted a crime against property.[2] RCW 9.41-.040 provides that unlawful possession of a firearm involves certain persons owning, having in their possession, or having in their control any firearm. In other words, a person commits the crime merely by owning, possessing or controlling a firearm. The plain language of RCW 9.41.040 makes it clear that unlawful possession of a firearm does not satisfy the crime against property requirement of first degree burglary. We cannot conceive of a situation where merely owning, possessing or controlling a firearm can cause harm to property. Accordingly, the trial court erred in allowing the jury to consider unlawful possession of a firearm as a predicate crime for first degree burglary.

¶23  We hold that the trial court erred in instructing the jury that whether unlawful possession of a firearm constituted a crime against property was a factual issue for the jury to decide.[3] As a matter of law, unlawful possession of a firearm is not a crime against property and cannot be the predicate crime for first degree burglary.

D. Harmless Error

¶24  Both constitutional and nonconstitutional errors may be subject to harmless error analysis. For a *constitutional* error, the State bears the burden of proving that the error is harmless beyond a reasonable doubt. *State v. Lynch*, 178 Wn.2d 487, 494, 309 P.3d 482 (2013). A *nonconstitutional* error requires reversal only if there is a reasonable probability that the error materially affected the outcome of the trial. *State v. Gower*, 179 Wn.2d 851,

---

[2] The State does not argue that unlawful possession of a firearm constitutes a crime against a person, and we do not address this issue.

[3] Kindell also argues that unlawful possession of firearm is not a crime against a person or property because it is not so designated in RCW 9.94A.411, which incorporates a table categorizing crimes for prosecuting standards, including "Crimes Against Persons" and "Crimes Against Property/Other Crimes." (Some capitalization omitted.) But our Supreme Court rejected that argument in *Snedden*, 149 Wn.2d at 922.

854-55, 321 P.3d 1178 (2014). An error is constitutional if it implicates a constitutional interest as compared to another form of trial error. *See State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). Not every instructional error is constitutional. *O'Hara*, 167 Wn.2d at 101-04 (whether error in a self-defense jury instruction is constitutional requires a case by case analysis). But a jury instruction that misstates the law such that it relieves the State of its burden to prove every element of the crime charged affects a *constitutional* right and therefore is subject to the rigorous constitutional harmless error standard. *State v. Thomas*, 150 Wn.2d 821, 844-45, 83 P.3d 970 (2004).

¶25 Here, the trial court's "to convict" instruction accurately informed the jury of the elements of burglary and the State's burden to prove each one beyond a reasonable doubt. However, in response to a jury question, the trial court erroneously instructed the jury that whether unlawful possession of a firearm was a crime against property was a factual issue for its determination. We hold that the erroneous jury instruction did not relieve the State of its burden to prove the elements of burglary, which were properly provided in the court's earlier instructions. Therefore, we apply the nonconstitutional harmless error standard. Under that standard, an error requires reversal only if there is a reasonable probability that the error materially affected the outcome of the trial. *Gower*, 179 Wn.2d at 854-55.

¶26 Under the circumstances of this case, we hold that the trial court's error was not harmless even under the less stringent nonconstitutional standard. The trial court's instruction was equivalent to telling the jury that unlawful possession of a firearm was a permissible predicate crime for burglary when it was not. The effect of the instruction was to tell the jury that the crime against property requirement was satisfied by unlawful possession of a firearm, which may have caused the jury to unknowingly disregard the requirement that the predicate crime be a crime against

a person or property. The uncontradicted trial testimony was that Kindell entered (and remained) in Crowley's house with the sole purpose of hiding from law enforcement officers.[4] Without considering the unlawful possession of a firearm as the predicate crime, there is a reasonable probability that the jury would not have convicted Kindell of burglary. Accordingly, we hold that the erroneous jury instruction requires reversal.

¶27 We reverse Kindell's first degree burglary conviction and remand for a new trial on that charge.

¶28 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J., and LEE, J., concur.

---

[4] RCW 9A.52.040 allows a jury to infer that a defendant who remains unlawfully in a building may be inferred to have acted with intent commit to a crime against a person or property therein. The corresponding jury instruction is 11A *Washington Practice: Washington Pattern Jury Instructions: Criminal* 60.05, at 15 (3d ed. 2008). However, the trial court did not give this instruction to the jury.