FILED
COURT OF APPEALS
DIVISION II

2015 JUL -7 AM 8: 45

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45918-3-II |
| Respondent, | |
| v. | |
| | UNPUBLISHED OPINION |
| SONJA ELAINE HUTCHENS, | |
| Appellant. | |

MAXA, J. — Sonja Hutchens appeals her convictions for second degree assault and first degree burglary. We hold that (1) the record is insufficient for us to address Hutchens's claim that her attorney provided ineffective assistance by giving her incorrect legal advice regarding the withdrawal of an instruction on a lesser included offense on the assault charge, (2) the trial court did not err by declining to include a statement that a person has no duty to retreat in a jury instruction stating that person has the right to stand her ground and defend against an attack, (3) we will not consider Hutchens's argument that the trial court exceeded its authority in ordering her to pay legal financial obligations (LFOs) without finding that she had the present or future ability to pay because Hutchens did not raise the issue in the trial court, and (4) Hutchens's

assertions of error in her statement of additional grounds (SAG) have no merit. Accordingly, we affirm Hutchens's convictions and sentence.

## FACTS

In May 2013, Hutchens and Jill Earnhardt had a physical altercation in a parking lot. Hutchens approached Earnhardt's car, the door opened, and the two women began physically fighting. During the altercation, Hutchens entered Earnhardt's vehicle and hit and slapped Earnhardt. Hutchens and Earnhardt exited the vehicle while still grappling with each other. Someone pulled the two apart, and Hutchens delivered a final strike to Earnhardt's face.

The State charged Hutchens with second degree assault. On the first day of trial, the State amended the information to add a first degree burglary charge. At trial, there was conflicting testimony regarding who initiated the altercation. Some witnesses testified that Hutchens pulled opened the door and initiated the fight. A defense witness testified that as Hutchens approached Earnhardt's car, Earnhardt opened the door and hit Hutchens, causing her to stumble.

The second degree assault charge was based on RCW 9A.36.021(1)(a), which requires proof that the defendant assaulted another and inflicted substantial bodily harm. Hutchens presented some evidence at trial that the blow to Earnhardt's face may not have caused a fracture, and argued in closing that the State did not prove the substantial bodily harm element. Hutchens also argued that she acted in self-defense.

Defense counsel initially requested, but later withdrew, an instruction on the lesser included offense of fourth degree assault, which offense does not require proof of substantial bodily harm. In withdrawing the lesser included offense instruction, defense counsel stated that the "legalistic reason" for withdrawing the instruction was because Hutchens could not be

2

convicted of first degree burglary if she was not convicted of assault. Report of Proceedings (RP) (Jan. 29, 2014) at 548.

At Hutchens's request and over the State's objection, the trial court gave three self-defense instructions, including a "lawful force – no duty to retreat" instruction. That instruction stated a person may stand her ground and defend against an attack by the use of lawful force. However, the trial court declined to include in the instruction a statement Hutchens proposed that the law does not impose a duty to retreat. Hutchens objected to this omission.

The jury convicted Hutchens on both charges. As part of Hutchens's sentence, the trial court ordered her to pay a $1,000 LFO for her court-appointed attorney fees. The court did not determine whether Hutchens had the present or future ability to pay her LFOs, but Hutchens did not object to the imposition of LFOs at sentencing.

Hutchens appeals.

## ANALYSIS

A.    INEFFECTIVE ASSISTANCE OF COUNSEL

Hutchens argues that she received ineffective assistance of counsel because (1) her attorney provided inaccurate legal advice that influenced her decision to withdraw a lesser included offense instruction on the second degree assault charge, and (2) she was prejudiced because there is a reasonable probability that she would not have withdrawn the instruction but for her counsel's erroneous advice, and a reasonable jury could have convicted her of the lesser included offense. We hold that the record is insufficient to establish whether defense counsel gave erroneous advice regarding the instruction or whether Hutchens relied on that advice. Therefore, we decline to address Hutchens's ineffective assistance of counsel claim.

1. Legal Principles

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee a criminal defendant's right to effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). Where a criminal defendant has been denied effective assistance of counsel, we will reverse any resulting conviction and remand for a new trial. *See id.* To prevail on an ineffective assistance of counsel claim, the defendant must show that (1) defense counsel's representation was deficient, and (2) the deficient representation prejudiced the defendant. *Id.* at 32-33. "Where the claim of ineffective assistance is based upon counsel's failure to request a particular jury instruction, the defendant must show he was entitled to the instruction, counsel's performance was deficient in failing to request it, and the failure to request the instruction caused prejudice." *State v. Thompson*, 169 Wn. App. 436, 495, 290 P.3d 996 (2012).

2. Insufficient Record to Address Ineffective Assistance

Our Supreme Court in *Grier* emphasized that when an appellant raises an ineffective assistance claim, the reviewing court may consider only facts within the appellate record. 171 Wn.2d at 29. When such a claim is based on off-the-record conversations, the proper procedure is to file a personal restraint petition. *Id.* Here, we would need to examine evidence outside the record to determine whether Hutchens's counsel gave her erroneous advice and whether Hutchens relied on that advice in deciding to forego a lesser included offense instruction.

The parties agree that Hutchens was entitled to a jury instruction on the lesser included offense of fourth degree assault, and that defense counsel deliberately chose to withdraw that instruction. Our Supreme Court indicated in *Grier* that defense counsel's decision to forego a lesser included offense instruction in favor of an "all or nothing" strategy in most cases should

not constitute ineffective assistance of counsel. 171 Wn.2d at 39-40. However, Hutchens focuses not on the decision to forego the lesser included offense instruction, but on her counsel's allegedly erroneous advice that led her to make to that decision. She claims that her counsel misled her into believing that she could not be convicted of first degree burglary if she was acquitted of assault, and that she relied on this misinformation in deciding to forego a lesser included offense instruction.

Hutchens's argument is based on a brief statement defense counsel made to the trial court when withdrawing the lesser included offense instruction. After stating that he had proposed such an instruction, defense counsel stated:

> She does not want to put the lesser-included offense in there. There's plusses [sic] and minuses to that. I - - I tend to err on doing those, but she had her reasons for not doing them. The . . . sort of legalistic reason for not doing it is that, for Burglary 1, it require - - allows a Burglary 1 conviction for essentially any assault.
> . . .
>
> So a lesser included could count for that. If we don't have a lesser included in, if we can prevail on the issue of self-defense in some form, then that would eliminate the Burglary 1 and the Assault 2. Again, maybe not a tactical reason I - - I would most prefer to do that, but I am not going to always overrun my clients . . . [W]e've had some battles on that and she prefers to go without Assault 4. I will - - we've been advised of it. . . .I'm making that her option; she's picking it.

RP (Jan. 29, 2014) at 548-49.

Defense counsel's statement and the related record is insufficient to allow us to address Hutchens's ineffective assistance of counsel claim in two respects. First, the record does not disclose whether defense counsel actually gave Hutchens advice on the impact the lesser included offense instruction could have on the first degree burglary charge. The only advice defense counsel told the trial court he had given Hutchens was that "it could be an all or nothing." RP (Jan. 29, 2014) at 548. Defense counsel told the trial court there was a "legalistic

reason" for not giving the instruction, but the record does not reveal whether defense counsel actually communicated that reason to Hutchens. RP (Jan. 29, 2014) at 548.

Second, even if defense counsel provided erroneous advice, the record does not reveal whether Hutchens relied on that advice in deciding to forego the lesser included offense instruction. The record suggests that defense counsel advised her *not* to forego the instruction; he said he tended to err in favor of giving the instruction and that foregoing the instruction was not a tactical reason he preferred. Defense counsel emphasized that Hutchens was adamant and that *she* preferred not to submit the instruction. But the record does not show whether Hutchens relied on defense counsel's advice in reaching this decision.

Because the record does not disclose whether defense counsel gave Hutchens erroneous advice or whether Hutchens relied on that advice, we cannot consider Hutchens's ineffective assistance of counsel claim on direct appeal.

B.     "NO DUTY TO RETREAT" JURY INSTRUCTION

The trial court gave a "lawful force – no duty to retreat" jury instruction. Hutchens argues the trial court erred in denying her proposed version of the instruction, which included a specific statement that there was no duty to retreat. We disagree.

1.     Legal Principles

In general, we review a trial court's choice of jury instructions for an abuse of discretion. *State v. Hathaway*, 161 Wn. App. 634, 647, 251 P.3d 253 (2011). Jury instructions are appropriate if they allow counsel to argue their theories of the case, are not misleading, and when read as a whole properly state the applicable law. *State v. Aguirre*, 168 Wn.2d 350, 363-64, 229 P.3d 669 (2010). It is not error to refuse to give a specific instruction when a more general instruction adequately explains the law and allows each party to argue its theory of the case.

*Hathaway*, 161 Wn. App. at 647. Jury instructions on self-defense must do more than adequately convey the law; they "must make the relevant legal standard 'manifestly apparent to the average juror.' " *State v. McCreven*, 170 Wn. App. 444, 462, 284 P.3d 793 (2012) (quoting *State v. Allery*, 101 Wn.2d 591, 595, 682 P.2d 312 (1984)).

A person has no duty to retreat when assaulted in a place where he or she is entitled to be. *State v. Redmond*, 150 Wn.2d. 489, 493, 78 P.3d 1001 (2003). This rule of law is incorporated in WPIC 17.05, which is entitled "Lawful Force – No Duty to Retreat." 11 WASHINGTON PRACTICE SERIES: PATTERN JURY INSTRUCTIONS § 17.05, at 264-65 (3d ed. 2008) (WPIC). When a defendant is entitled to a self-defense instruction, the trial court should also should give a "no duty to retreat" instruction when the jury "may objectively conclude that flight is a reasonably effective alternative to the use of force in self-defense." *Id.* at 495. On the other hand, a "no duty to retreat" instruction is not required if the evidence shows that retreat was not a reasonable alternative to the use of force. *See State v. Studd*, 137 Wn.2d 533, 549, 973 P.2d 1049 (1999) (holding that no instruction was required when defendant was being held at gunpoint and could not have avoided the use of force by retreating).

2.    Adequacy of Trial Court's Instructions

Under *Redmond*, the evidence here was sufficient for the trial court to give a "no duty to retreat" instruction. The jury could have concluded that flight was a reasonable alternative for Hutchens when Earnhardt hit her with the car door and when Hutchens hit Earnhardt after they were pulled from the car and separated. And the trial court did give such an instruction, based on WPIC 17.05. The question is whether the trial court's instructions adequately stated the law and allowed Hutchens to argue her theory of the case regarding the absence of a duty to retreat.

The trial court gave three standard instructions regarding the use of lawful force in self-defense. Instruction 15 was based on WPIC 17.02, which is entitled "Lawful Force – Defense of Self, Others, Property." This instruction informed the jury that it is a defense to the charge of second degree assault that the force was "lawful" and provided a definition of lawful force. Instruction 16 was based on WPIC 17.04, which is entitled "Lawful Force – Actual Danger Not Necessary." This instruction informed the jury that a person can defend herself if she believes in good faith and on reasonable grounds that she is in actual danger of injury, regardless of whether she was in actual danger. Hutchens did not object to these instructions.

Instruction 17 was based on WPIC 17.05, which is entitled "Lawful Force – No Duty to Retreat." This instruction stated:

> It is lawful for a person who is in a place where that person has a right to be who has reasonable grounds for believing that she is being attacked to stand her ground and defend against such attack by the use of lawful force.

CP at 261. This instruction included only the first sentence of WPIC 17.05. Hutchens also proposed that the trial court give the second sentence of WPIC 17.05, which states: "The law does not impose a duty to retreat." The trial court declined to include this sentence.

Hutchens argues that the trial court erred in not giving the second sentence of WPIC 17.05. The second sentence is a part of the standard "lawful force – no duty to retreat"

8

instruction[1], and the better practice may be to include that sentence when the evidence indicates that retreat was a reasonable alternative for the defendant. However, the first sentence of WPIC 17.05, which the trial court included in instruction 17, clearly informs the jury that a defendant has no duty to retreat. The instruction states that if the defendant is being attacked, she has the right to "stand her ground and defend against such attack by the use of lawful force." WPIC 17.05.

Further, instruction 17 allowed Hutchens to argue her theory of the case. Based on the trial court's instructions, Hutchens argued in closing argument that she had no duty to retreat:

> [W]e're not a nation of pacifists. We - - *we are a no-retreat jurisdiction. It's in the jury instructions.* It starts off around 15 and goes beyond that, about self-defense. We are a nation that was not born about people turning their cheeks.

RP (Jan. 29, 2014) at 616 (emphasis added).

> So from [Hutchens's] thinking, because she gets hit by the door, the door is opening on her, so she's going around because, you know, something is going to happen with this person she's had this history of hostility with. *So she's allowed to do that because this is a no-retreat . . . jurisdiction.*

RP (Jan. 29, 2014) at 645-46 (emphasis added).

> And again, Instruction Number 7 [sic, 17], . . . *shows this is a no-retreat jurisdiction, so there's no reason for her to walk away from this and* wait to see what [Earnhardt] does next.

RP (Jan. 29, 2014) at 647 (emphasis added).

> There's also the factual issues and how it interrelates to the jury instructions, aside from the self-defense case, where she has - - *doesn't have a duty to retreat,* has a duty to act on appearances.

RP (Jan. 29, 2014) at 655-56 (emphasis added).

---

[1] The language "the law does not impose a duty to retreat" is in brackets in WPIC 17.05. However, that does not mean that it should be treated as an optional addition. Instead, the instruction's second paragraph has two bracketed alternatives, and generally the trial court should select one of those two alternatives. WPIC 17.05 comment 264-65.

We review a trial court's choice of jury instructions for an abuse of discretion. *Hathaway*, 161 Wn. App. at 647. Instruction 17 expressly stated that Hutchens had the right to "stand her ground and defend." CP at 261. Therefore, the instruction clearly implied that Hutchens had no duty to retreat. Adding a sentence specifically stating that there is no duty to retreat was unnecessary for Hutchens to argue her self-defense theory. Accordingly, we hold that the trial court did not abuse its discretion in failing to include a specific statement that a person has no duty to retreat in the "lawful force – no duty to retreat" jury instruction.

C.    LEGAL FINANCIAL OBLIGATIONS

Hutchens argues that the trial court violated her right to counsel when it imposed legal financial obligations without finding she had the present or future ability to pay. We decline to reach this claim.

Hutchens did not challenge the trial court's finding during sentencing, and we generally do not consider issues raised for the first time on appeal. *See State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492 (2013), *remanded on other grounds*, 182 Wn.2d 827 (2015). Our decision in *Blazina*, nearly seven months before Hutchens's sentencing, provided notice that the failure to object to LFOs during sentencing waives a related claim of error on appeal. *Id.* As our Supreme Court noted in reviewing the decision in *Blazina*, an appellate court may use its discretion to decide whether to reach unpreserved claims of error. 182 Wn.2d at 830. We decline to exercise such discretion here.

D.    SAG ASSERTIONS

1.    Motion to Amend Information

Hutchens asserts that the trial court erred in allowing the State to amend the information to include first degree burglary on the first day of trial. We disagree.

This court reviews a trial court's decision to allow the State to amend the charge for abuse of discretion. *State v. Ziegler*, 138 Wn. App. 804, 808, 158 P.3d 647 (2007). CrR 2.1(d) provides that a trial court may permit the prosecutor to amend an information at any time before verdict or finding if substantial rights of the defendant are not prejudiced. As a result, in order to challenge an amendment, the defendant must demonstrate that it prejudices her substantial rights. *See State v. Hockaday*, 144 Wn. App. 918, 927, 184 P.3d 1273 (2008).

Here, the State filed its motion to amend on November 21, 2013, well before trial. The trial court granted the motion on January 27, 2014. In her SAG, Hutchens makes no attempt to demonstrate how the State's amendment prejudiced her substantial rights. Therefore, we hold that this claim fails.

2. Overcharging by the Prosecutor

Hutchens asserts that the State abused its discretion in overcharging her in order to obtain a guilty plea. Hutchens asserts that the first degree burglary charge did not adequately describe the nature of her conduct and that the State sought the charge only after she pursued her right to a trial. We hold that Hutchens's claim of abuse of prosecutorial discretion is without merit.

Prosecutors have discretion in their charging decisions. *State v. Korum*, 157 Wn.2d 614, 625, 141 P.3d 13 (2006). Courts may not substitute their judgment for the prosecutor's. *Id.* at 626.

Hutchens relies on RCW 9.94A.411(2)(a), which provides general charging guidelines. But these charging guidelines "are intended solely for the guidance of prosecutors in the state of Washington. They are not intended to, do not and may not be relied upon to create a right or benefit, substantive or procedural, enforceable at law by a party in litigation with the state."

11

RCW 9.94A.401. Therefore, we hold that Hutchens's claim of prosecutorial abuse of discretion fails.

    3.    Insufficient Evidence for First Degree Burglary

Hutchens asserts that the definition of "building" as used in RCW 9A.52.020 and defined in RCW 9A.04.110(5) does not include Earnhardt's vehicle, and therefore there was insufficient evidence to support her first degree burglary conviction. We hold that the statute is unambiguous and that the term "building" includes any vehicle for purposes of first degree burglary.[2]

A person commits the crime of first degree burglary when, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a "building" and assaults any person. RCW 9A.52.020. RCW 9A.04.110(5) defines the term "[b]uilding" as "in addition to its ordinary meaning, includes *any* dwelling, fenced area, *vehicle*, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods." (Emphasis added.)

Here, the law is clear that the term "building" in RCW 9A.04.110(5) includes any vehicle. To the extent that Hutchens asserts that the phrase "or any other structure used for lodging of persons or for carrying on business therein" following the list of terms that includes vehicles could reasonably be interpreted as meaning that a vehicle is a building only if used for lodging or business purposes, we disagree. Our Supreme Court rejected such an interpretation in *State v. Wentz*, 149 Wn.2d 342, 350-52, 68 P.3d 282 (2003). We hold that for purposes of the

---

[2] Hutchens also seems to assert that the trial court erred in allowing the prosecutor to amend the information to add a first degree burglary charge without showing that a vehicle is a building. Based on our analysis below, we also reject this assertion.

first degree burglary statute, RCW 9A.04.110(5) unambiguously provides that a "building" includes any vehicle.

Accordingly, we reject Hutchens's assertion that that the State presented insufficient evidence to prove she entered a "building" as required in RCW 9A.52.020 and defined in RCW 9A.04.110(5).

4. WPIC 2.05 Jury Instruction Challenge

Hutchens asserts that the trial court erred in failing to provide the full WPIC 2.05 instruction explaining when a vehicle could be considered a building for the purposes of a first degree burglary charge. We disagree.

WPIC 2.05 states, "Building, in addition to its ordinary meaning, includes any *[dwelling]* *[fenced area]* *[vehicle]* *[railway car]* *[cargo container]*. [Building also includes any other structure used *[mainly]* *[for lodging of persons]* *[for carrying on business therein]* *[for the use, sale, or deposit of goods]]*." The trial court's instruction stated, "Building, in addition to its ordinary meaning, includes any vehicle." CP at 264. As discussed above, the law is clear that the term "building" in RCW 9A.04.110(5) includes any vehicle. Therefore, the trial court's instruction properly informed the jury of the applicable law, and the second sentence of WPIC 2.05 was unnecessary.

We hold that the trial court did not err in giving the instruction defining "building."

5. Jury Question Regarding Definition of Premise

Hutchens asserts that the trial court incorrectly stated the law in answering a jury question regarding the definition of "premise" during deliberations. We disagree.

The trial court's decision to answer jury questions and give further instructions is discretionary. *State v. Kindell*, 181 Wn. App 844, 850, 326 P.3d 876 (2014). However, such

instructions must accurately state the law. *Id.* We review the legal accuracy of jury instructions de novo. *Id.* Instructing the jury in a manner that relieves the State of its burden to prove every element of a crime beyond a reasonable doubt is reversible error. *Id.*

During deliberations, the jury asked the court for further instruction on the definition of "premise." The trial court provided the definition of "premises" according to RCW 9A.52.010 (6): " 'Premises' includes any building." RP (Jan. 29, 2014) at 686. This was a correct statement of the applicable law. As a result, we hold that the trial court did not err in responding to the jury question.

### 6. Ineffective Assistance of Counsel

Hutchens asserts that she received ineffective assistance of counsel (1) when her defense counsel did not adequately prepare for pretrial hearings and failed to request a continuance, (2) ignored her "emails and phone calls," and (3) failed to move for continuance at trial.[3] SAG at 5. We disagree.

First, Hutchens asserts that her attorney did not adequately prepare for pretrial omnibus and readiness hearings and failed to request a continuance. Hutchens's claims depend upon facts outside the record, and are not reviewable in a direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Therefore, we need not consider these arguments.

Second, Hutchens asserts that her defense counsel admitted to "ignoring [her] emails and phone calls." SAG at 5. However, the record indicates that her attorney responded to some of Hutchens's emails and phone calls regarding cases to research and her proposed trial strategies.

---

[3] Hutchens also asserts in her SAG that defense counsel provided "misinformation and negligent advice." SAG at 5. To the extent that this assertion relates to the lesser included defense instruction, we have addressed that issue above. Otherwise, we cannot review this assertion because it is insufficient to inform us of the nature of the alleged error. RAP 10.10(c).

Moreover, the record indicates that Hutchens's attorney had filed motions and made arguments on her behalf. Based on the trial court record, we hold that defense counsel's performance was not deficient in this regard.

Third, Hutchens asserts that defense counsel failed to make motions for a continuance at trial, particularly after the State added a first degree burglary charge on the first day of trial. However, whether defense counsel was deficient in not requesting a continuance or whether that decision prejudiced Hutchens is outside the record. Therefore, we cannot consider this assertion. *McFarland*, 127 Wn.2d at 335.

We reject Hutchens's ineffective assistance of counsel claims.

7. Offender Score Calculation

Hutchens asserts that the trial court should not have included her two felony theft convictions from Oregon in her offender score because the convictions washed out. We disagree.

We review offender score calculations de novo. *State v. Powell*, 172 Wn. App. 455, 459, 290 P.3d 353 (2012). Hutchens was convicted of two counts of first degree theft under Oregon law in 2006. The trial court apparently determined that for the purposes of calculating her offender score, these convictions were comparable to convictions for second degree theft under Washington law. A second degree theft conviction under RCW 9A.56.040 is a class C felony that washes out if the offender spends "five consecutive years in the community without committing any crime that subsequently results in a conviction." RCW 9.94A.525(2)(c). Hutchens contends that her two Oregon theft convictions should have washed out because she did not commit a crime between 2006 and 2013, and therefore the five year wash out period has passed.

However, the record shows that Hutchens was convicted of conspiracy to commit first degree assault with a firearm and sentenced in 2008. Because Hutchens did not spend more than five consecutive years in the community without committing a crime that resulted in a conviction, her 2006 theft convictions do not wash out. Therefore, we reject this claim.

We affirm Hutchens's convictions and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

LEE, J.