**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Respondent,<br><br>      v.<br><br>JASON MICHAEL SMITH,<br><br>          Appellant. | No. 83875-0-I<br>(consolidated with<br>No. 83874-1-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Jason Smith moved to vacate two counts of possession of a controlled substance and two counts of bail jumping following our Supreme Court's decision in State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021). The trial court vacated the two counts of possession of a controlled substance but denied the motion to vacate the two counts of bail jumping. Smith appeals and argues that the trial court erred in refusing to vacate the bail jumping convictions because they were premised on facially invalid drug possession charges. We disagree and affirm.

I.

Smith was charged with one count of possessing a controlled substance in early 2006. The State amended the information to add one count of bail jumping after Smith

failed to appear for a pretrial hearing. Smith pleaded guilty to both counts under Snohomish County Superior Court No. 06-1-00057-3.

Similarly, Smith was charged with one count of possession of a controlled substance in September 2005. In January 2007, the State amended the information to add a count of bail jumping after Smith again failed to appear for a pretrial hearing. Smith pleaded guilty to both counts under Snohomish County Superior Court No. 05-1-02319-2.

In 2021, our Supreme Court held that former RCW 69.50.4013(1), which criminalized simple drug possession, violated "the due process clauses of the state and federal constitutions and is void." Blake, 197 Wn.2d at 195.

Following Blake, Smith moved to vacate both the possession convictions and bail jumping convictions. The trial court issued identical orders granting Smith's motion to vacate the possession of a controlled substance convictions, but denying Smith's motion to vacate the bail jumping convictions.

Smith appeals.

II.

Smith argues that the bail jumping convictions should be vacated because they were predicated on the possession of a controlled substance convictions that were vacated under Blake. We disagree.

We review the court's denial of a motion to vacate under CrR 7.8 for an abuse of discretion. State v. Ellis, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994). The court abuses its discretion when its decision is "manifestly unreasonable, or exercised on

untenable grounds, or for untenable reasons." State v. McCormick, 166 Wn.2d 689, 706, 213 P.3d 32 (2009).

Smith's argument turns on whether the charge of bail jumping includes an implied element of a constitutionally valid predicate crime. Determining whether the validity of the underlying charge is an implied element of bail jumping requires us to engage in statutory interpretation. Statutory construction is a question of law subject to de novo review. State v. Kindell, 181 Wn. App. 844, 851, 326 P.3d 876 (2014).

Former RCW 9A.76.170(1) (2001) stated that any "person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state . . . and who fails to appear . . . is guilty of bail jumping." Bail jumping has three elements, and they "are satisfied if the defendant (1) was held for, charged with, or convicted of a particular crime; (2) had knowledge of the requirement for a subsequent appearance; and (3) failed to appear as required." State v. Downing, 122 Wn. App. 185, 192, 93 P.3d 900 (2004).

Smith argues that absent a constitutionally valid crime, the first element was never satisfied. But viewing the language as a whole, which contemplates early stages of criminal proceedings, the validity of the underlying charge is not an element of the crime. As Division Three of this court explained in State v. Paniagua, 22 Wn. App. 2d 350, 356, 511 P.3d 113, review denied, 200 Wn.2d 1018, 520 P.3d 970 (2022):

> Former RCW 9A.76.170 does not require that, to be guilty of the crime, the accused must have later been found guilty of the pending charge at the time of release on bail, only that he be under charges at the time of the failure to appear. Thus, a predicate crime does not constitute an element of bail jumping.

See also Downing, 122 Wn. App. at 193 (rejecting the argument that the validity of an underlying offense is an implied element of the crime of bail jumping). Concluding otherwise would mean that a criminal defendant would be left to decide whether to comply with the court's order to appear based on the defendant's own assessment of the validity of the underlying crime or criminal charge. This is an untenable result.

We agree with Paniagua and Downing, and conclude that the validity of the underlying charge is not a predicate element of bail jumping.

Affirmed.

_____Mann, J._____

WE CONCUR:

_____Bowman, J_____          _____Smith, C.J._____