IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　Respondent,<br><br>　　　v.<br><br>HUMBERTO JOSE GARCIA,<br><br>　　　　　Appellant. | No. 85818-1-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

CHUNG, J. — When Humberto Garcia moved to vacate his convictions for one count of drug possession based on State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021), he also requested vacation of his convictions for bail jumping resulting from his failure to appear at two separate court dates on the drug possession charge. The court vacated his conviction for drug possession but left the bail jumping convictions intact. Garcia argues that the trial court erred by failing to vacate the bail jumping convictions because the underlying drug possession charges were invalid. We disagree and affirm.

FACTS

In March 2018, a jury convicted Humberto Garcia of one count of possession of a controlled substance and two counts of bail jumping based on his failure to appear for two court dates related to the possession charge. In 2021, the Washington State Supreme Court held the drug possession statute unconstitutional and voided all drug possession convictions. Blake, 197 Wn.2d 170.

In July 2023, Garcia filed a motion under CrR 7.8(b) requesting the trial court to vacate his conviction for possession pursuant to Blake, as well as the two convictions for bail jumping "solely predicated on the charge of Possession of a Controlled Substance." The court vacated only the conviction for possession, leaving the bail jumping convictions "in full force and effect." Garcia appeals.

DISCUSSION

Garcia argues the trial court erred by refusing to vacate his bail jumping convictions, which he claims are void because the State never had the authority to charge him with drug possession and the trial court never had authority to compel his appearance on that charge.

We review a court's decisions on CrR 7.8 motions for abuse of discretion. State v. Enriquez-Martinez, 198 Wn.2d 98, 101, 492 P.3d 162 (2021). "Discretion may be abused if it is exercised on untenable grounds or for untenable reasons, such as a misunderstanding of the law." Id.

Garcia was charged with bail jumping for actions that occurred in 2017. Former RCW 9A.76.170(1) (2001), the bail jumping statute in effect at the time, provided, "Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, and . . . fails to appear . . . as required is guilty of bail jumping." Thus, the crime of bail jumping has three elements: the defendant "(1) was held for, charged with, or convicted of a particular crime; (2) had knowledge of the requirement of a subsequent personal appearance; and

2

(3) failed to appear as required." State v. Downing, 122 Wn. App. 185, 192, 93 P.3d 900 (2004); RCW 9A.76.170.

The issue of whether the crime of bail jumping requires a valid predicate offense is an issue of statutory interpretation that we review de novo. State v. Kindell, 181 Wn. App. 844, 851, 326 P.3d 876 (2014). We have previously concluded that a constitutional predicate offense is not required for a bail jumping conviction.[1] See State v. Paniagua, 22 Wn. App. 2d 350, 511 P.3d 113 (2022), review denied, 200 Wn.2d 1018, 520 P.3d 970 (2022). The bail jumping statute "does not require that, to be guilty of the crime, the accused must have later been found guilty of the pending charge at the time of release on bail, only that he be under charges at the time of the failure to appear." Id. at 356. As a result, our courts have concluded that "a predicate crime does not constitute an element of bail jumping." Id. By extension, a constitutional predicate crime is not an element of bail jumping. See id. at 358; Downing, 122 Wn. App. at 193 (under the bail jumping statute, "the State is not required to prove that a defendant was detained under a constitutionally valid conviction").

Garcia makes no other argument in support of vacating his bail jumping convictions. We conclude the trial court did not abuse its discretion by declining to vacate the two convictions.

---

[1] All three divisions of this court have issued unpublished decisions agreeing that convictions for bail jumping stemming from a charge for simple possession remain valid in the wake of Blake. See State v. Smith, No. 83875-0-I consolidated with No. 83874-1-I, slip op. at 1 (Wash. Ct. App. May 30, 2023) (unpublished) https://www.courts.wa.gov/opinions/pdf/838750.pdf; State v. Koziol, No. 38630-9-III, slip op. at 1 (Wash. Ct. App. Sept. 26, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/386309_unp.pdf; State v. Hagen, No. 56432-7-II, slip op. at 1, (Wash. Ct. App. Dec. 20, 2022) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2%2056432-7-II%20Unpublished%20Opinion.pdf.

Affirmed.

_Cheung, J._

WE CONCUR:

_Feldman, J._          _Coburn, J._