

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40217-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN GABRIEL ZAMORA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Juan Zamora was found guilty by a jury of unlawful possession of a firearm in the first degree and obstructing a law enforcement officer. Prior to trial, Mr. Zamora brought a motion in limine to redact prejudicial information from the judgment and sentence the State was intending to offer into evidence to prove Mr. Zamora was disqualified from possessing firearms. The trial court granted the motion. Unfortunately, the original judgment and sentence, containing unduly prejudicial content, was inadvertently admitted into evidence and presented to the jury.

Mr. Zamora appeals, arguing: (1) the trial court abused its discretion when it admitted the unredacted judgment and sentence; (2) the prosecutor engaged in misconduct during summation; (3) his trial attorney was ineffective for failing to object

to the prosecutor's misconduct and in allowing the unredacted judgment and sentence to be admitted into evidence; and (4) cumulative error deprived him of a fair trial.

We conclude the court abused its discretion when it admitted the unredacted judgment and sentence into evidence. We reverse Mr. Zamora's convictions and remand for a new trial. Because we reverse Mr. Zamora's convictions, we decline to address his additional assignments of error.

## BACKGROUND

On December 11, 2019, law enforcement personnel were patrolling an apartment complex that had been active with criminal activity. There, they encountered Mr. Zamora. Mr. Zamora identified himself to the officers as "Johnny." Rep. of Proc. (RP) (Dec. 20-21, 2023) at 159, 277. An officer recognized Mr. Zamora, believed there was an active warrant for his arrest, and sought to detain him. Mr. Zamora resisted the officers' attempt to arrest him and was wrestled to the ground where he was placed in handcuffs. A firearm was then discovered on the ground near the location where Mr. Zamora had been handcuffed.

Mr. Zamora was charged with unlawful possession of a firearm in the first degree and obstructing a law enforcement officer. In advance of trial, Mr. Zamora moved to preclude the State from admitting a certified copy of the judgment and sentence that disqualified him from possessing a firearm. The judgment and sentence at issue stemmed from a conviction for robbery in the first degree. The document revealed that Mr.

2

Zamora had been sentenced to 111 months in prison, had used a firearm while committing the robbery, and had a criminal history that consisted of 2 convictions for theft in the second degree, a conviction for possession of stolen property in the first degree, 2 convictions for possession of stolen property in the second degree, a conviction for taking a motor vehicle without permission, and a conviction for animal cruelty in the first degree.

Mr. Zamora objected to the jury being informed that a firearm had been used during the robbery, of his 111-month prison sentence, and his criminal history. In response to Mr. Zamora's motion to exclude the prejudicial content, the prosecutor stated, "I would adopt the redactions." RP (Dec. 20, 2023) at 21. The court expressed concern over redacting a certified copy of the judgment and sentence, reasoning it would no longer be a certified copy. To alleviate the court's concern, both the certified copy and the redacted version would be admitted, with the intent to provide only the redacted version to the jury.

The State moved to admit the judgment and sentence during trial, stating, "Your Honor, based on pretrial discussions, the state would move to admit, is it exhibit . . . to admit Exhibit No. 8 based on statutory law for certified judgment and sentence." RP (Dec. 21, 2023) at 323-24. Mr. Zamora's attorney responded, "Your Honor, subject to the prior agreement, subject to that, we'd have no objection to that." RP (Dec. 21, 2023) at 324. The court admitted exhibit 8, which turned out to be the certified copy of the

judgment and sentence without redactions. The jury later found Mr. Zamora guilty of

both counts.

Mr. Zamora timely appeals.

ANALYSIS

Mr. Zamora argues the court erred when it admitted the certified copy of the

judgment and sentence after previously ordering that only the redacted version be

admitted. The State responds that Mr. Zamora failed to object and thus waived any

claimed error. Alternatively, the State posits that any error is harmless. We agree with

Mr. Zamora and reverse.

We review the trial court's evidentiary rulings for an abuse of discretion. *City of*

*Spokane v. Neff*, 152 Wn.2d 85, 91, 93 P.3d 158 (2004). A court "abuses its discretion

when it acts on untenable grounds or its ruling is manifestly unreasonable." *State v.*

*Gaines*, 194 Wn. App. 892, 896, 380 P.3d 540 (2016). A "decision is based 'on

untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the

record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149

Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793,

905 P.2d 922 (1995)). A "decision is 'manifestly unreasonable' if the court, despite

applying the correct legal standard to the supported facts, adopts a view 'that no

reasonable person would take,' and arrives at a decision 'outside the range of acceptable

choices.'" *Rohrich*, 149 Wn.2d at 654 (quoting *State v. Lewis*, 115 Wn.2d 294, 298-99, 797 P.2d 1141 (1990)); *accord Rundquist*, 79 Wn. App. at 793.

"Relevant evidence" is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. "All relevant evidence is admissible." ER 402. Howbeit, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." ER 403. Generally, "[e]vidence of prior felony convictions is . . . inadmissible against a defendant because it is not relevant to the question of guilt yet very prejudicial, as it may lead the jury to believe the defendant has a propensity to commit crimes." *State v. Hardy*, 133 Wn.2d 701, 706, 946 P.2d 1175 (1997). "'[I]f the jury learns that a defendant previously has been convicted of a crime, the probability of conviction increases dramatically.'" *Id*. at 710-11 (quoting Alan D. Hornstein, *Between Rock and a Hard Place: The Right to Testify and Impeachment by Prior Conviction*, 42 VILL. L. REV. 1 (1997)).

To convict Mr. Zamora of unlawful possession of a firearm in the first degree, the State had to prove, among other elements, that Mr. Zamora had previously been convicted of a serious offense. RCW 9.41.040(1)(a)(i). Mr. Zamora's conviction for robbery in the first degree is a serious offense and was therefore relevant. RCW 9.41.010(42)(a); RCW 9.94A.030(58)(a)(i); RCW 9A.56.200(2). Nevertheless, the fact that Mr. Zamora was armed with a firearm when he committed the robbery, served 111

months in prison for the conviction, and had a history of 7 additional felony convictions was not relevant. This surplusage in the judgment and sentence did not make the existence of any consequential fact more or less probable.

To mitigate the prejudicial effect of the extraneous information, the trial court ordered the redaction of the unduly prejudicial content. During trial, and in contravention of its earlier ruling, the court improperly admitted the certified copy of the judgment and sentence rather than the redacted version. The court acted on untenable grounds in admitting an exhibit it earlier ruled was not to be disclosed to the jury.

The State argues Mr. Zamora failed to object to the admission of the certified copy of the judgment and sentence and therefore, under RAP 2.5(a), waives the issue on appeal. We disagree. The court granted Mr. Zamora's motion in limine, preventing the jury from being presented with the certified copy of the judgment and sentence. When the State moved to admit the judgment and sentence during trial, Mr. Zamora's attorney refrained from objecting based on the court's earlier ruling, seemingly believing that exhibit 8 was the redacted judgment and sentence. Defense counsel further conditioned his acquiesce to admission of the exhibit "subject to the prior agreement." RP (Dec. 21, 2023) at 324. Mr. Zamora's pretrial motion and conditional lack of objection were sufficient to apprise the trial court of the claimed error and to provide the court an opportunity to correct the error. *See State v. Moen*, 129 Wn.2d 535, 547, 919 P.2d 69 (1996). Mr. Zamora sufficiently preserved the issue for our review.

The State next contends that, assuming admission of the certified copy of the judgment and sentence was error, the error was harmless. We disagree.

When "there is no way to know what value the jury placed upon the improperly admitted evidence, a new trial is necessary." *Thomas v. French*, 99 Wn.2d 95, 105, 659 P.2d 1097 (1983). Notwithstanding, a nonconstitutional error "requires reversal only if there is a reasonable probability that the error materially affected the outcome of the trial." *State v. Kindell*, 181 Wn. App. 844, 853-54, 326 P.3d 876 (2014). In other words, the "improper admission of evidence constitutes harmless error if the evidence is cumulative or of only minor significance in reference to the evidence as a whole." *Hoskins v. Reich*, 142 Wn. App. 557, 570-71, 174 P.3d 1250 (2008).

Here, the fact the Mr. Zamora was armed with a firearm during the commission of the robbery, was sentenced to 111 months, and had previously been convicted of 7 felony offenses was not cumulative of other evidence. The unredacted judgment and sentence was the only evidence that relayed such information to the jury.

Similarly, the unredacted document was not of minor significance in relation to the evidence as a whole. The only nexus between Mr. Zamora and the firearm was his proximity to the firearm. Mr. Zamora denied possession of the firearm, law enforcement officers did not observe Mr. Zamora in actual possession of the firearm, and the firearm was never tested for evidence that would link Mr. Zamora to it (i.e. DNA and fingerprints). Further, Mr. Zamora's six convictions for crimes of dishonesty would

7

likely cast doubt in the minds of the jurors about Mr. Zamora's veracity in denying

ownership of the firearm. Likewise, the fact that Mr. Zamora had earlier committed

a crime while armed with a firearm constitutes inadmissible propensity evidence under

ER 404(b).

The highly prejudicial nature of the information provided to the jury coupled with

the evidence admitted at trial establishes a reasonable probability that the error materially

affected the outcome of the trial.

## CONCLUSION

We reverse Mr. Zamora's convictions, remand for a new trial, and decline to

address his remaining assignments of error.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Murphy, J.

_____
Staab, A.C.J.

8