[No. 13450–7–I.   Division One.   July 19, 1984.]

THE STATE OF WASHINGTON, *Appellant*, v. JOSEPH W. BRADLEY, *Respondent*.

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy,* for appellant.

*Maxine Stansell* and *Norman Besman* of *Snohomish County Public Defender Association,* for respondent.

CORBETT, A.C.J.—The State appeals dismissal of an information charging the defendant, Joseph W. Bradley, with attempting to elude a pursuing police vehicle. We reverse and remand.

On October 22, 1982, a police officer attempted to stop an automobile driven by the defendant and was successful after a pursuit of several miles. At the time of arrest, the officer discovered in the defendant's car a green leafy material that appeared to be marijuana. The officer cited the defendant for misdemeanor possession of marijuana and promptly reported the incident to the prosecuting attorney for a possible felony charge of attempting to elude a pursuing police vehicle. On March 15, 1983, the defendant was tried in Cascade District Court on the misdemeanor charge. The court dismissed the charge for insufficiency of the evidence. On April 1, 1983, the State filed the felony flight charge in superior court. The Superior Court dismissed the charge, holding that the misdemeanor and felony charges should have been joined pursuant to CrR 4.3(c)(3).

Under CrR 4.3(c), the "mandatory joinder" rule, a defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense. The purpose of this rule is to protect defendants from successive prosecutions based upon essentially the same conduct. *State v. Russell,* 101 Wn.2d 349, 353 n.1, 678 P.2d 332 (1984). Offenses are related for purposes of mandatory joinder "if they are within the jurisdiction and venue of the same court and are based on the same conduct." CrR

4.3(c)(1). Although the charges were filed in different courts, they were both within the jurisdiction of the Superior Court. The issue in the present case, therefore, is whether the two charges are related offenses, *i.e.,* based on the same conduct.[1]

The rule does not define "conduct," but its meaning is addressed in the ABA standards from which the rule is taken. Offenses based on the same conduct are those based upon the same physical act or omission, as where a single act of negligence causes two deaths, or the same series of physical acts results in charges of resisting arrest and assault. 2 American Bar Ass'n, *Standards for Criminal Justice,* Std. 13–1.2, at 13.9 (2d ed. 1980). Possession of marijuana and attempting to elude a police officer do not arise from the same conduct. We reject the defendant's assertion that under *State v. Erickson,* 22 Wn. App. 38, 587 P.2d 613 (1978), offenses are related for purposes of joinder if they are based on the same conduct *or* same criminal episode. While offenses are related for purposes of speedy trial if they are based on the same conduct or arise from the same criminal episode, *State v. Peterson,* 90 Wn.2d 423, 431, 585 P.2d 66 (1978), offenses are related for purposes of mandatory joinder only if they are based on the same conduct. CrR 4.3(c)(1). The trial court erred in ruling that joinder was mandatory.

Because dismissal was based on the State's failure to join the offenses, the trial court did not reach the speedy trial issue under CrR 3.3. It does appear that the charges arose from the same criminal episode, and therefore the starting point for computation of speedy trial time is the same for both charges. *State v. Peterson, supra* at 431. However, we are unable to determine from the record how much time, if any, should be excluded pursuant to CrR 3.3(g). We reverse and remand to the trial court for further proceedings in

---

[1] The State concedes that none of the excuses for failure to join set forth in CrR 4.3(c) are applicable in this case.

accord with this opinion.

WILLIAMS and RINGOLD, JJ., concur.

Review denied by Supreme Court November 2, 1984.