[No. 20779-2-I.   Division One.   December 30, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. KATHRYN FLADEBO, *Appellant.*

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for appellant.

*Michael E. Rickert, Prosecuting Attorney,* for respondent.

WILLIAMS, J.—Kathryn Fladebo was convicted of possession of a controlled substance in Skagit County Superior Court. Her appeal questions the legality of a search of her purse where heroin was found, and whether she was timely brought to trial.

The facts are that Fladebo was involved in a traffic accident in the city of Mount Vernon. There was no smell of alcohol upon her breath, but the investigating officer suspected the use of drugs and arrested Fladebo for driving while intoxicated. An assisting officer took Fladebo's purse from the car's front seat, searched it and found drug paraphernalia, which later proved to contain heroin. The accident occurred on October 21, 1986.

While at the scene, Fladebo was charged in the Mount Vernon Municipal Court with driving while intoxicated, in violation of Mount Vernon Municipal Code 10.04. On February 17, 1987, she was charged in the Skagit County Superior Court with possession of heroin, in violation of RCW 69.50.401(d).

Fladebo first argues that because the search of her purse was illegal the court erred in admitting the contents of it into evidence. The applicable rule governing the scope of a search incident to arrest is stated in *State v. Stroud,* 106 Wn.2d 144, 152–53, 720 P.2d 436 (1986), as follows:

> During the arrest process, including the time immediately subsequent to the suspect's being arrested, handcuffed, and placed in a patrol car, officers should be allowed to search the passenger compartment of a vehicle for weapons or destructible evidence. However, if the officers encounter a locked container or locked glove compartment, they may not unlock and search either container without obtaining a warrant. . . .
> . . . Furthermore, the luggage inside the passenger compartment and the glove compartment were not locked, *so a search of these containers would not violate the defendants' constitutional rights.*

Accordingly, we uphold the convictions of the defendants on the basis of the evidence gathered in these searches, which did not violate the defendants' state or federal constitutional rights.

(Italics ours.) Under this authority, the search of Fladebo's purse was permissible.

Fladebo next argues that she was not timely brought to trial on the possession charge, as required by CrR 3.3. Her position is that the trial should have taken place within 90 days of the time she was arraigned on the driving while intoxicated charge because both offenses arose from the same conduct. *State v. Peterson*, 90 Wn.2d 423, 585 P.2d 66 (1978); *State v. Bradley*, 38 Wn. App. 597, 687 P.2d 856, *review denied*, 102 Wn.2d 1024 (1984); *State v. Erickson*, 22 Wn. App. 38, 587 P.2d 613 (1978). The rule adopted in those cases is *ABA Standards Relating to Speedy Trial*, Std. 2.2 (Approved Draft, 1968) which:

recommends that the time within which trial must be held should begin on all crimes "based on the same conduct or arising from the same criminal incident" from the time the defendant is held to answer any charge with respect to that conduct or episode.

*State v. Peterson, supra* at 431.

This standard is supported by CrR 4.3(c), particularly subsection (3). That subsection reads:

A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in this rule. The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

This rule does not apply to this case because the "related offenses" must be "within the jurisdiction and

venue of the same court" and be "based on the same conduct." CrR 4.3(c)(1). The Mount Vernon Municipal Court has exclusive jurisdiction over the violation of a Mount Vernon municipal ordinance, the driving while intoxicated charge, but no jurisdiction over the violation of the Washington Criminal Code, the possession charge. RCW 3.46-.010, .030. *See also* RCW 3.50.005 *et seq*. Nor were the offenses of DWI and possession of controlled substances based upon the same conduct. Possession of the drug may have been evidence supporting the DWI charge, but it is not an element of that offense. The conduct proscribed by each offense is unrelated and requires entirely different proof.

It was pointed out in *State v. Erickson, supra* at 41, "the 'speedy trial' clock starts to run if the State files a new charge or charges against a defendant already 'held to answer' for another crime." It was reasonable for the prosecuting attorney to await word from the state criminal laboratory before determining that there was probable cause to file the charge of illegal possession of narcotics. He had no control over the city attorney filing the DWI charge in municipal court. It would be unwise to permit one government official to establish the time schedule for prosecution of an unrelated offense in another jurisdiction.

The judgment is affirmed.

GROSSE and PEKELIS, JJ., concur.

Review granted at 112 Wn.2d 1009 (1989).