[No. 22363-1-I.   Division One.   April 23, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. REGINALD WILTON, *Appellant*.

*Peter Camiel* and *Mair, Abercrombie, Camiel & Rummonds,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Raymond McFarland, Deputy,* for respondent.

FORREST, J.—Reginald Wilton was convicted by a jury trial of murder in the first degree and robbery in the first degree. He appeals from the judgment and sentence imposed after his conviction. We affirm. The following facts are material to the published portion of this opinion.

Wilton was originally charged with murder in the second degree. At a pretrial hearing, Wilton objected to amendment of the information to add a charge of murder in the first degree, alleging felony murder based on a homicide committed in the course of a robbery. He claimed the amendment was untimely under CrR 3.3 because he had been in custody and more than 60 days had passed. The amendment was permitted. Wilton also objected on the same ground to the amendment of the information to add a charge of murder in the second degree as an alternative to murder in the first degree. The amendment was allowed.

Wilton did not testify. He was found guilty as charged of murder in the first degree and robbery in the first degree.

## CrR 3.3 SPEEDY TRIAL ISSUE

Wilton was timely arraigned on the original charge of murder in the second degree and voluntarily waived his speedy trial right. He contends that this waiver applies only to the original charge and does not allow amendment to

add first degree murder and robbery charges after 60 days have elapsed from the original arraignment date. Hence, he urges dismissal with prejudice for failure to comply with CrR 3.3(c)(1). We disagree.

■ Neither authority nor policy supports such a rule. Wilton admits that no case so holds but argues that it is a necessary extension of existing rules. In *State v. Peterson*,[1] the court held that where a new charge was based on the same conduct or arose from the same criminal incident, the CrR 3.3 speedy trial time related back to the date the defendant was held to answer on the original charge. *Peterson* and the cases following it[2] involved charges amended after expiration of the CrR 3.3(c)(1) speedy trial limit on the original charge. None involved an amendment after that date, but prior to expiration of the trial date established by waiver. Their reasoning does not apply to the facts before us. Further, *State v. Fladebo*[3] signals a relaxation of the *Peterson* rule where there are good faith reasons for the prosecutor's delay in charging and there is no unfair prejudice to the defendant.[4]

The *Peterson* case makes related crimes growing out of the same conduct or the same criminal incident a package for purposes of CrR 3.3 when the charges are filed after the expiration of the speedy trial date on the original charge. Conversely, the charges should be treated as a package for purposes of amendment prior to expiration of the speedy

---

[1] 90 Wn.2d 423, 585 P.2d 66 (1978).

[2] CrR 3.3(c)(1). *Accord, State v. Erickson*, 22 Wn. App. 38, 587 P.2d 613 (1978); *State v. Bradley*, 38 Wn. App. 597, 687 P.2d 856, *review denied*, 102 Wn.2d 1024 (1984).

[3] 113 Wn.2d 388, 779 P.2d 707 (1989).

[4] "The superior court speedy trial rules were not designed to be a trap for the unwary. Where the rules are unclear, the defendant is not prejudiced by a minor delay, and the defendant has not informed the prosecutor of his or her intent to rely on the rules before the speedy trial period has expired, we will not direct a dismissal of the charges." *Fladebo*, at 394.

trial date either as fixed by the rule or as established by waiver.

No policy considerations support an extension of the speedy trial rule to the facts of this case. The rule urged by Wilton would place an unreasonable and, in many cases, impossible burden on prosecutors and law enforcement. A defendant must be promptly charged.[5] Investigation is rarely complete at charging. If the defendant does not waive his speedy trial right, he is entitled to trial within the 60/90–day limit of CrR 3.3 and the State must proceed on the crime charged. If the defendant, however, chooses to waive his speedy trial right, the State may continue its investigation and may amend the charges to reflect the results of its inquiry. Any amended charges before or during trial must conform to CrR 2.1(e).

Wilton was not denied his speedy trial right under CrR 3.3. The State may freely amend, subject to CrR 2.1, at any time prior to the expiration of the speedy trial date on the first charge whether that date is fixed by rule or by waiver. Wilton has failed to show prejudice under CrR 2.1(e) and failed to request a continuance.[6] Accordingly, the court did not abuse its discretion in permitting amendment.[7]

The remainder of this opinion has no precedential value and thus will not be published.[8]

The judgment is affirmed.

PEKELIS and WINSOR, JJ., concur.

Review denied at 115 Wn.2d 1005 (1990).

---

[5]CrR 3.2(a).

[6]See State v. Brisebois, 39 Wn. App. 156, 162–63, 692 P.2d 842 (1984), review denied, 103 Wn.2d 1023 (1985); State v. Gosser, 33 Wn. App. 428, 656 P.2d 514 (1982).

[7]State v. Collins, 45 Wn. App. 541, 551, 726 P.2d 491 (1986), review denied, 107 Wn.2d 1028 (1987).

[8]See RCW 2.06.040; CAR 14.