# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56432-7-II |
| Appellant, | |
| v. | |
| BROOKE LAINE HAGEN, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, C.J.—Brooke Laine Hagen was charged with unlawful possession of a controlled substance under former RCW 69.50.4013 (2017). Due to her failure to appear in court on that charge, she was subsequently charged with bail jumping. Hagen pleaded guilty to both counts.

Then the Washington Supreme Court held that former RCW 69.50.4013 was unconstitutional in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Later that year, the trial court vacated Hagen's convictions for possession of a controlled substance and bail jumping. The trial court concluded that it had no jurisdiction to order Hagen to appear in court, nor did it have jurisdiction to convict Hagen for failing to appear where the predicate offense was constitutionally invalid.

The State appeals the portion of the order vacating the bail jumping conviction, arguing that the trial court had jurisdiction and that the validity of the underlying offense is not an implied element of bail jumping. We reverse the portion of the trial court's order that vacates Hagen's conviction for bail jumping and remand for proceedings consistent with this opinion.

FACTS

In March 2018, the State charged Hagen with unlawful possession of a controlled substance under former RCW 69.50.4013(1). This crime was a felony. In July 2018, Hagen failed to appear in court as required. As a result, the State amended the information to include a count of felony bail jumping. Hagen later pleaded guilty to both charges.

In 2021, the Supreme Court held that former RCW 69.50.4013(1), which criminalized simple drug possession, violated "the due process clauses of the state and federal constitutions and is void." *Blake*, 197 Wn.2d at 195. After *Blake* was published, Hagen moved to vacate her conviction for unlawful possession of a controlled substance and her conviction for bail jumping. She argued that both convictions had to be vacated because they were premised "on violating a statute that was declared void." Clerk's Papers (CP) at 38 (emphasis omitted).

The trial court concluded in a memorandum opinion that "a constitutionally invalid statute may not be the predicate offense upon which future criminal prosecution is based" and that "the court had no jurisdiction to order the Defendant to appear in court, much less to convict her of a crime for failing to do so." CP at 10.[1] The trial court then entered an order vacating both convictions.

The State timely appeals the portion of the order vacating Hagen's bail jumping conviction.

---

[1] The trial court concluded that the State could still charge Hagen with misdemeanor bail jumping because the conditions of release that applied to the drug possession charge also applied to a charge of using drug paraphernalia, a misdemeanor.

No. 56432-7-II

ANALYSIS

I. JURISDICTION

The State argues that the trial court abused its discretion in finding that it lacked jurisdiction over Hagen's bail jumping charge because "the court's jurisdiction does not depend on the constitutional validity of the charges or the outcome of the case." Opening Br. of Appellant at 10. Hagen counters that the trial court was correct when it held that it "never had personal jurisdiction over Ms. Hagen because she was charged with bail-jumping when she had committed no crime." Br. of Resp't at 1-2.[2]

In general, this court reviews a trial court's decision to vacate a conviction for abuse of discretion. *See State v. Hawkins*, ___ Wn.2d ___, 519 P.3d 182 (2022). However, whether "a particular court has jurisdiction is a question of law reviewed de novo." *Young v. Clark*, 149 Wn.2d 130, 132, 65 P.3d 1192 (2003).

Washington superior courts have original jurisdiction in all felony cases. *State v. Posey*, 174 Wn.2d 131, 135, 272 P.3d 840 (2012); *see also* WASH. CONST. art. IV, § 6. "Original jurisdiction" is a "court's power to hear and decide a matter before any other court can review the matter." BLACK'S LAW DICTIONARY 1019 (11th ed. 2019). A "court's jurisdiction *cannot* hinge on the result it reaches." *Posey*, 174 Wn.2d at 139. Additionally, Washington superior courts have personal jurisdiction over anyone who commits any crimes, in whole or in part, within the state. RCW 9A.04.030(1); *State v. Anderson*, 83 Wn. App. 515, 518, 922 P.2d 163 (1996).

---

[2] The trial court did not refer to personal jurisdiction. It simply used the word "jurisdiction." CP at 10.

3

A trial court's authority to determine a criminal matter remains even if an appellate court later determines that the charge is unconstitutional. *See State v. Downing*, 122 Wn. App. 185, 193, 93 P.3d 900 (2004); *cf. United States v. Williams*, 341 U.S. 58, 68-69, 71 S. Ct. 595, 95 L. Ed. 747 (1951) (holding that a federal district court has jurisdiction in a criminal matter even if an appellate court later concludes that the criminal statute is unconstitutional). For example, in *Downing*, this court affirmed a bail jumping conviction predicated on three dismissed counts of unlawfully issuing checks because the trial court still had "jurisdiction to order [the defendant] to . . . answer for those charges, even if his answer could have been that double jeopardy barred further prosecution." 122 Wn. App. at 193.

Here, the trial court had personal jurisdiction over Hagen because she was accused of possessing drugs and jumping bail in the state. Additionally, the trial court had original jurisdiction over Hagen's case under article IV, section 6 of the Washington Constitution. Hagen was charged with two different felonies: possessing drugs and bail jumping while charged with possessing drugs. Although the statute underlying Hagen's drug possession charge was unconstitutional, that finding did not remove the trial court's power to hale Hagen to court for the purpose of hearing and deciding her case. *See id. Blake* did not retroactively remove the trial court's jurisdiction or its authority to order Hagen to appear until her case reached resolution.

Although Hagen cites RCW 10.16.080 to support her argument that the trial court lacked jurisdiction, the statute demonstrates the opposite. RCW 10.16.080 addresses frivolous complaints, stating that "if it should appear . . . that no offense has been committed, or that there is not probable cause for charging the defendant with an offense, he or she shall be discharged." The word "discharge" means to "release from an obligation." WEBSTER'S THIRD NEW

4

INTERNATIONAL DICTIONARY 644 (2002). Here, the word indicates that the trial court must release its power over the defendant, not that the court lacked that power in the first place.

Thus, the trial court erred in concluding that it lacked jurisdiction over Hagen when she was charged with a crime.

## II. BAIL JUMPING CONVICTION

The State relies on *Downing* to argue that the trial court abused its discretion in vacating Hagen's bail jumping conviction because "the validity of the underlying charge is not an implied element of Bail Jumping." Opening Br. of Appellant at 11. Like the *Downing* court, the State analogizes bail jumping to escape, noting that this court has held the State need not prove that a defendant was detained under a constitutionally valid conviction when prosecuting them for escape.

Hagen counters that a valid information or arrest warrant is an element of the crime of bail jumping, distinguishing *Downing* because there "the defendant was charged under a statute—unlawful issuance of bank checks—that properly defined a crime and has never been deemed unconstitutional." Br. of Resp't at 4. Hagen further argues that the State "fails to address the difference between bail-jumping and escape," given that the latter involves leaving a custodial facility and reveals "clear culpability and a criminal intent." *Id.* at 5. Finally, Hagen points out that criminalizing a lack of appearance in court has a disproportionate impact on people experiencing poverty and that "[u]nbridled prosecutorial discretion to charge bail jumping has resulted in substantial unfairness." *Id.* at 7.

Determining whether the validity of the underlying charge is an implied element of bail jumping requires us to engage in statutory interpretation. "Construction of a statute is a question of law, which we review de novo." *State v. Kindell*, 181 Wn. App. 844, 851, 326 P.3d 876 (2014).

Former RCW 9A.76.170(1) (2001) stated that any "person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state . . . and who fails to appear . . . is guilty of bail jumping." Bail jumping has three elements, and they "are satisfied if the defendant (1) was held for, charged with, or convicted of a particular *crime*; (2) had knowledge of the requirement of a subsequent personal appearance; and (3) failed to appear as required." *Downing*, 122 Wn. App. at 192 (emphasis added).

One could argue that absent a constitutionally valid crime, the first element was never satisfied. But considering the statutory language as a whole, which broadly contemplates early stages of criminal proceedings, the better reading is that the validity of the underlying offense is not an implied element of the crime. Otherwise, a criminal defendant would be left to decide whether to submit to the court's authority based on the defendant's own assessment of the validity of the underlying crime or criminal charge. There is no indication that the legislature intended this result. We instead apply *Downing* and conclude that a bail jumping conviction remains intact whether a court strikes down the underlying offense because of the State's conduct or because of an unconstitutional statute. *See id.* at 193; *see also State v. Paniagua*, 22 Wn. App. 2d 350, 356, 359, 511 P.3d 113 (2022) (holding that "a predicate crime does not constitute an element of bail jumping" and reasoning that a defendant must submit "to the authority of the law, until held unconstitutional, rather than taking the law into one's own hand").

Hagen rightfully notes that criminalizing a failure to appear in court disparately impacts low-income communities and people of color. Aleksandrea E. Johnson, *Decriminalizing Non-Appearance in Washington State: The Problem and Solutions for Washington's Bail Jumping Statute and Court Nonappearance*, 18 SEATTLE J. FOR SOC. JUST. 433, 442 (2020). However, it is fundamentally the legislature's role to determine what conduct is criminalized. And the legislature has recently amended the bail jumping statute, perhaps in response to these concerns. *See* RCW 9A.76.170.

Here, Hagen pleaded guilty, admitting to the elements of bail jumping. The State charged Hagen with a crime, she knew she was required to appear, and she failed to appear. While *Blake* later declared the statute defining that crime unconstitutional, the offense's validity is not an element of bail jumping. Because we hold that the trial court had jurisdiction over Hagen when she committed the crime of bail jumping, it was an abuse of discretion for the trial court to vacate her bail jumping conviction.

## CONCLUSION

We reverse the portion of the order vacating Hagen's conviction for bail jumping and remand for further proceedings consistent with this opinion.

No. 56432-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Lee, J.

Cruser, J.

8