IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38524-8-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 38411-0-III) |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MATTHEW SIMON GAROUTTE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Matthew Garoutte appeals the trial court's orders to the extent they denied his CrR 7.8 request to vacate his bail jumping conviction. That conviction was due to him failing to appear for a hearing for a simple possession charge. Mr. Garoutte argues his bail jumping conviction is facially invalid because the underlying charge was void. For the reasons set forth in our recent opinion of *State v. Paniagua*, 22 Wn. App. 2d 350, 511 P.3d 113, *review denied*, 200 Wn.2d 1018, 520 P.3d 970 (2022), we affirm the trial court.

No. 38524-8-III; No. 38411-0-III
*State v. Garoutte*

FACTS

In 2013, the State charged Matthew Garoutte with possession of a controlled substance under RCW 69.50.4013. The trial court released him on bail. The order setting his conditions of release required him to appear at the next court hearing on October 8, 2013. Mr. Garoutte did not appear for that hearing, and the State charged him with bail jumping under former RCW 9A.76.170 (2001). Mr. Garoutte was convicted of the possession charge in a bench trial and the bail jumping charge in a jury trial.

After our Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), declaring RCW 69.50.4013 unconstitutional and void, Mr. Garoutte filed a CrR 7.8 motion to vacate his conviction for possession of a controlled substance; he also raised the issue of whether the bail jumping conviction should be dismissed. The court granted the motion on the possession charge, and Mr. Garoutte appealed. Mr. Garoutte then filed a CrR 7.8 motion to vacate his conviction for bail jumping, which the trial court denied.[1] Mr. Garoutte appealed that decision as well, and we consolidated the appeals on his motion.

_____

[1] This second motion should have been transferred to us as a personal restraint petition.

2

VALIDITY OF BAIL JUMPING CONVICTION

Under CrR 7.8(b), a defendant may move to vacate a conviction for a number of reasons, including that it is void. Mr. Garoutte contends his bail jumping conviction is void because the underlying felony offense, possession of a controlled substance, did not exist at the time he failed to attend his hearing. We disagree.

During the pendency of Mr. Garoutte's appeals, we rejected this same argument in *Paniagua*. There, we considered whether, in the context of an offender score, a conviction for bail jumping under former RCW 9A.76.170 (2001) was void when the underlying charge was possession of controlled substances. *Paniagua*, 22 Wn. App. 2d at 352. We concluded that the defendant's bail jumping conviction was not invalid on its face because the crime of bail jumping remained in existence. *Id.* at 356. We rejected his implicit argument that "charges under a constitutionally valid statute serve as a predicate to a bail jumping conviction," noting that "under the universal rule, the unconstitutionality of a statute under which the defendant was convicted or charged does not justify escape from imprisonment." *Id.* at 356, 358.

Mr. Garoutte argues that we wrongly decided *Paniagua*. He contends that because the simple possession statute is and has always been a legal nullity, the trial court lacked jurisdiction to hold him on those charges as "Washington courts only have jurisdiction

No. 38524-8-III; No. 38411-0-III
*State v. Garoutte*

over a person who commits a crime." Appellant's Reply Br. at 5.[2] Mr. Garoutte's

contention has no support and would mean that a court lacks jurisdiction over a defendant

who has only been *accused* of a crime. That would be an absurd and unworkable result.

Further, we discussed and rejected that argument in *Paniagua*, relying in part on our

decision in *State v. Downing*, 122 Wn. App. 185, 93 P.3d 900 (2004), to conclude that in

a bail jumping conviction, the State need not prove the defendant was held on a

constitutionally valid charge. *Paniagua*, 22 Wn. App. 2d at 356-58.

Mr. Garoutte is correct that one panel of this court may depart from the decision of

another panel, but provides no persuasive reason for us to do so here. As in *Paniagua*,

we follow the "universal rule" and reject Mr. Garoutte's claim that his conviction for bail

jumping is void because the underlying charge was based on an unconstitutional statute.

Mr. Garoutte was required to "submit to confinement until discharged by due

process of law." *Id.* at 358. His remedy for being charged with an unconstitutional

statute was "to seek a declaration of the unconstitutionality of the statute, not flee from

---

[2] Mr. Garoutte relies on RCW 9A.04.030 for this assertion, which is titled "State criminal jurisdiction." The title of the section has no legal weight, however, and the text of the section defines who is subject to punishment, not who is subject to the court's jurisdiction. *See* RCW 9A.04.010(5) ("Chapter, section, and subsection captions are for organizational purposes only and shall not be construed as part of this title.").

justice." *Id.* at 359. Because he fails to show his conviction for bail jumping was void, we affirm the trial court's orders.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.