IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  57512-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| RAYMOND J. FEMLING, | |
| Appellant. | |

CHE, J. — Raymond Jay Femling appeals the trial court's denial of his CrR 7.8 motion to vacate his felony bail jumping conviction.  In 2008, Femling did not attend a court date related to his charge for unlawful possession of a controlled substance (UPCS), which resulted in a felony bail jumping charge and conviction.  In 2021, the trial court vacated Femling's conviction for UPCS pursuant to *State v. Blake*.[1]  Femling then moved under CrR 7.8 to vacate his conviction for bail jumping or, in the alternative, to reclassify his felony bail jumping conviction as a misdemeanor.  After a show cause hearing, where the State did not assert the motion was untimely, the trial court denied Femling's motion.

For the first time on appeal, the State argues that Femling's motion should have been transferred to this court as a personal restraint petition (PRP).  The State asks us to convert this appeal to a PRP and dismiss it as time barred.  Femling argues that his motion is timely because

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).  *Blake* held convictions under former RCW 69.50.4013, Washington's strict liability drug possession statute, were unconstitutional.  197 Wn.2d at 174.

his judgment and sentence for felony bail jumping is facially invalid and, in the alternative, that the time bar does not apply because the *Blake* decision is a fundamental change in the law material to his judgment for felony bail jumping. Femling raises additional claims in a statement of additional grounds (SAG).

We hold (1) Femling's judgment and sentence is not facially invalid, (2) *Blake* is not material to Femling's bail jumping conviction under former RCW 10.73.100(6), so the time bar exception for a significant retroactive change in law material to a conviction or sentence does not apply, (3) Femling's CrR 7.8 motion was therefore an untimely collateral attack on his judgment and sentence, and (4) the trial court should have transferred the untimely motion to this court for consideration as a PRP.

We vacate the trial court's order denying Femling's CrR 7.8 motion, and in this unique case, we exercise our discretion to convert Femling's appeal to a PRP, and we dismiss it as time barred.

FACTS

In 2007, the State charged Femling with UPCS and Femling subsequently entered drug court based on the charge. The drug court contract required Femling to attend all drug court dates. In 2008, Femling failed to appear at a required drug court date and the State charged Femling with class C felony bail jumping. In 2009, Femling pleaded guilty to class C felony bail jumping and the trial court sentenced him.[2] In 2021, the trial court vacated Femling's conviction for UPCS pursuant to *Blake*.

---

[2] It appears that on the same date, the trial court also entered a guilty finding for Femling's UPCS.

2

In 2022, thirteen years later, Femling moved under CrR 7.8 to vacate his conviction for felony bail jumping or, in the alternative, to correct his judgment and sentence to reflect that the felony bail jumping offense should have been punished as a misdemeanor because it was predicated on a void offense. The State did not assert that the motion was time barred. The trial court held a show cause hearing to determine whether Femling's bail jumping conviction should be vacated or, alternatively, whether he should be resentenced. The trial court denied Femling's motion.

Femling appeals the trial court's denial of his CrR 7.8 motion. In his SAG, Femling argues that the classification of his bail jumping conviction as a felony violated his due process rights under the Fifth and Fourteenth Amendments.

ANALYSIS

I. CRR 7.8 MOTION

For the first time, the State argues that Femling's CrR 7.8 motion is time-barred. The State argues that we should convert Femling's appeal to a PRP and dismiss it as time barred. Femling argues that the State did not file a cross-appeal to argue timeliness, that it waived its right to argue timeliness by not raising it at the trial court level, and that even if it did not waive it, the CrR 7.8 motion is timely because Femling's judgment is facially invalid and the *Blake* decision is a fundamental change in the law material to his felony bail jumping conviction. We agree with the State.

A. *Legal Principles*

CrR 7.8 governs collateral attacks filed at the trial court level. *State v. Molnar*, 198 Wn.2d 500, 508, 497 P.3d 858 (2021). A trial court must transfer a CrR 7.8 motion to this court

3

for consideration as a PRP "unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing." CrR 7.8(c)(2). Thus, the trial court must transfer a CrR 7.8 motion to the Court of Appeals without reaching the merits if it determines that the motion is untimely. *Molnar*, 198 Wn.2d at 509.

A CrR 7.8 motion that collaterally attacks a judgment and sentence must be brought no more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction, unless one of the exceptions to the time bar in RCW 10.73.100 applies. CrR 7.8(b)(5); RCW 10.73.090(1). A judgment becomes final on the last of the following dates: the date it is filed with the clerk of the trial court, the date an appellate court issues its mandate disposing of a timely direct appeal from the conviction, or the date the United States Supreme Court denies a timely petition for certiorari for review. RCW 10.73.090(3)(a)-(c).

The time bar of RCW 10.73.090 is a *mandatory* statutory limitation period that cannot be waived. *In re Pers. Restraint of Fowler*, 9 Wn. App. 2d 158, 167, 442 P.3d 647 (2019), *rev'd on other grounds*, 197 Wn.2d 46, 479 P.3d 1164 (2021). However, there are some exceptions to the time bar, including when there is a significant retroactive change in the law that is material to the petitioner's conviction or sentence. Former RCW 10.73.100(6).

B.      *Femling's CrR 7.8 Motion is Time-Barred and Should Have Been Transferred to This Court*

As a preliminary matter, the State is not required to file a cross-appeal to raise the issue of timeliness because the statutory limitation period of RCW 10.73.090 is not waivable. *See Fowler*, 9 Wn. App. 2d at 167. We therefore consider the timeliness of Femling's motion.

The trial court entered Femling's judgment and sentence for felony bail jumping in 2009. Femling filed his CrR 7.8 motion in 2022, more than one year after his judgment and sentence became final. CP at 35. Thus, Femling's CrR 7.8 motion is untimely unless his judgment and sentence is facially invalid, the trial court lacked jurisdiction, or one of the exceptions to the time bar in RCW 10.73.100 applies.

Femling claims his motion is not time-barred because it is facially invalid under RCW 10.73.090. Specifically, he argues that the unconstitutionality of Washington's former felony UPCS statute invalidates his felony bail jumping conviction because his underlying crime has always been a legal nullity. Femling contends this rendered the classification of his bail jumping conviction undefined, such that his conviction should be dismissed. We disagree.

Here, Femling was not convicted of a nonexistent crime because bail jumping is still a crime in existence today. *See* RCW 9A.76.170; *see also In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857-58, 100 P.3d 801 (2004) (A judgment and sentence is invalid on its face when a defendant is convicted of a nonexistent crime.).

Under former RCW 9A.76.170(3)(c), bail jumping[3] is "[a] class C felony if the person was held for, charged with, or convicted of a class B or class C felony." Former RCW 9A.76.170(3)(c) does not require Femling to be found guilty of or to later be found guilty of the underlying class C felony (UPCS) charge for his bail jumping charge to be a class C felony. Instead, Femling's bail jumping classification only requires that Femling be "held for, charged with, *or* convicted of a class B or class C felony," which he was at the time he failed to appear for his drug court date. Former RCW 9A.76.170(3)(c) (emphasis added). We reject the contention that the later determination that the underlying crime was a "nullity" means that it could not support a bail jumping conviction when it was a crime at the time the defendant failed to appear.

In *State v. Paniagua*, Division Three held that the defendant's felony bail jumping conviction, which was predicated on a pre-*Blake* UPCS conviction, was not facially invalid, even though the underlying UPCS offense was later found to violate due process. 22 Wn. App. 2d 350, 356, 511 P.3d 113 (2022). The court reasoned that former RCW 9A.76.170 (2001) did not require the accused to have later been found guilty of a pending charge at the time of release on bail, only that the accused be under charges at the time of the failure to appear; thus the court concluded "a predicate crime does not constitute an element of bail jumping." *Id.*

The court found the issue of whether the underlying charge of a bail jumping allegation must be valid, sufficiently analogous to the charge of escape because "our courts have rejected

---

[3] A person is guilty of bail jumping if they "[are] released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the requirement to report to a correctional facility for service of sentence, and [ ]fail[] to appear or fail[] to surrender for service of sentence as required." Former RCW 9A.76.170(1).

arguments that the invalidity of the underlying conviction is a defense to the crime of escape." *Id.* at 357-58 (quoting *State v. Downing*, 122 Wn. App. 185, 193, 93 P.3d 900 (2004)). The court adhered to the universal rule that a statute's unconstitutionality under which a defendant is convicted or charged does not justify escape from imprisonment; it did not discern any reason to distinguish a charge for escape from one for bail jumping in this context. *Id.* at 358. Likewise, here, Femling's felony bail jumping conviction is not facially invalid just because Femling's pre-*Blake* UPCS conviction was later found unconstitutional and was vacated.

Femling claims that *Paniagua* is distinguishable because it "did not address whether the classification of the offense or punishment imposed was invalid." Reply Br. of Appellant at 11. We find the underlying rationale of *Paniagua* persuasive here. As we discussed above, bail jumping's classification and penalty is based on the classification of the underlying crime the defendant is "held for, charged with, *or* convicted of" when they have failed to meet the requirement to personally appear before a court once released by court order or admitted to bail. Former RCW 9A.76.170(1), (3)(a)-(d) (emphasis added); *see also State v. Coucil*, 151 Wn. App. 131, 133, 210 P.3d 1058 (2009) ("Bail jumping is classified according to when it occurs."). Dismissal of the underlying crime to a bail jumping charge does not invalidate the bail jumping conviction. *Downing*, 122 Wn. App. at 192-93. We find these additional authorities persuasive. For these reasons, Femling's bail jumping classification and resulting punishment does not make his judgment and sentence facially invalid.

Alternatively, Femling argues that his bail jumping conviction should be classified only as a misdemeanor under RCW 9A.20.010(2)(a), which provides that when an act is prohibited by a statute and no penalty is imposed for the violation of said statute, "the committing of such act

shall be a misdemeanor." Br. of Appellant at 6. Femling provides no citations to support his argument that the court has authority to reclassify a crime from a felony to a misdemeanor more than a decade after the fact. *In re Pers. Restraint of Campbell*, 27 Wn. App. 2d 251, 264, 533 P.3d 144 (2023) ("If a party provides no citation in support of a proposition, we may assume that counsel, after diligently searching, has found none"); *see also* RAP 10.3(a)(6). We too are aware of no authority that would allow reclassification as a remedy.

Femling also argues that the information charging him with felony bail jumping was constitutionally deficient because his UPCS offense is void. Because Femling's argument relies on the false premise that the nullity of an underlying offense invalidates the information for bail jumping, it fails. *See Paniagua*, 22 Wn. App. 2d at 356. Thus, we hold that Femling's judgment and sentence is not facially invalid.

Next, Femling argues that his CrR 7.8 motion is not time-barred under the exception found in former RCW 10.73.100(6)—that there has been a significant change in the law, whether procedural or substantive, that is material to his conviction—because *Blake* is a significant retroactive change in the law that is material to his bail jumping conviction. We disagree.

Regardless of whether *Blake* is a significant retroactive change in law, *Blake* is not material to Femling's bail jumping conviction. *Blake* invalidated only convictions under the former UPCS statute, not convictions for bail jumping. It did not change the law regarding bail jumping. Furthermore, as discussed above, the trial court did not convict Femling of a nonexistent crime. We hold that *Blake* is not material to Femling's bail jumping conviction, so the time bar exception for a significant retroactive change in law material to a conviction or sentence does not apply to Femling.

Because Femling filed his CrR 7.8 motion more than one year after his judgment and sentence became final, his judgment and sentence is facially valid and was rendered by a court of competent jurisdiction; and no exception to the time bar applies, the trial court should have transferred Femling's CrR 7.8 motion to this court as a PRP.

Rather than remand this matter as we normally would, we exercise our discretion to convert Femling's appeal to a PRP[4] and dismiss it as time barred based on the unique circumstances presented. *See Molnar*, 198 Wn.2d at 511-12 (Where procedural and substantive missteps that were made in the case presented unique circumstances, the Supreme Court declined to reverse the Court of Appeals because the defendant's motion for resentencing was clearly an untimely collateral attack.). Here, the trial court held a full show cause hearing wherein Femling was represented by counsel, and the timeliness issue was raised in the State's appellate briefing. Furthermore, Femling has counsel on appeal but has not withdrawn his CrR 7.8 motion or appeal despite the State's time bar argument. We decline to remand this matter and instead convert Femling's motion to a PRP and dismiss it as time barred for the reasons above.

## CONCLUSION

We vacate the trial court's order denying Femling's CrR 7.8 motion, convert Femling's appeal to a PRP, and dismiss it as time barred.

---

[4] We do not consider Femling's SAG. *See* RAP 10.10 (We do not consider a SAG filed in a PRP).

No. 57512-4-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Che, J.

We concur:

Glasgow, P.J.

Price, J.