IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

JEREMIAH LEE STIFLE,

Appellant.

No. 85693-6-I

DIVISION ONE

UNPUBLISHED OPINION

DÍAZ, J. — In 2013, Jeremiah Lee Stifle pled guilty to possession of a controlled substance (PCS) and bail jumping. In 2023, following State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021), the superior court vacated the PCS conviction but declined to vacate the bail jumping conviction. Stifle appeals, arguing the court should have vacated both because the underlying conviction is now a nullity. We disagree and affirm.

## I.    BACKGROUND

In March 2012, Stifle was charged with PCS. In September 2013, Stifle was also charged with bail jumping after failing to appear in court. The same month, Stifle pled guilty to both charges. The court sentenced him to four months of incarceration for each conviction, to be served concurrently. Stifle did not appeal.

In February 2021, our Supreme Court decided State v. Blake, which

mandated vacatur of convictions for simple drug possession after finding the underlying statute was unconstitutional. 197 Wn.2d at 195. In June 2023, Stifle moved to vacate both of his convictions under Blake. The court vacated only the PCS conviction. Stifle unsuccessfully moved for reconsideration and now timely appeals both orders.[1]

## II.  ANALYSIS

"The trial court's denial of a motion to vacate under CrR 7.8 is reviewed for an abuse of discretion." State v. Kassner, 5 Wn. App. 2d 536, 539, 427 P.3d 659 (2018). We review questions of statutory interpretation de novo. State v. Kindell, 181 Wn. App. 844, 851, 326 P.3d 876 (2014).

The version of the PCS statute in effect at the time of Stifle's plea stated

> [a]ny person *having been released by court order or admitted to bail* with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.

LAWS OF 2001, ch. 264, § 3 (emphasis added) (quoting former RCW 9A.76.170(1) (2001)).[2] In other words, the "elements of bail jumping are satisfied if the defendant (1) *was held for, charged with, or convicted of a particular crime*; (2) had

---

[1] Stifle assigns error to the superior court denying his motion to reconsider, but does so without any further argument specifically as to that motion. "A party that offers no argument in its opening brief on a claimed assignment of error waives the assignment." Brown v. Vail, 169 Wn.2d 318, 336 n. 11, 237 P.3d 263 (2010). Thus, we will only consider the order denying the motion to vacate the PCS conviction.

[2] The legislature most recently amended RCW 9A.76.170(1) in 2020, but, as acknowledged by Stifle, there is no relevant difference in the versions of the statute for purposes of this opinion. LAWS OF 2020, ch. 19, § 1.

knowledge of the requirement of a subsequent personal appearance; and (3) failed to appear as required." State v. Downing, 122 Wn. App. 185, 192, 93 P.3d 900 (2004) (emphasis added). Here, the parties contest only the first element, namely whether or not the "particular crime" must be constitutionally not void, i.e., valid.

Stifle argues that "the prosecution bore the burden of proving Stifle was charged with a crime" and, "[b]ecause the [PCS] statute must be deemed never to have existed, any charges under it are also void." Br. of Appellant at 15-16 (citing inter alia Exparte Royall, 117 U.S. 241, 248, 6 S. Ct. 734, 29 L. Ed. 868 (1886) (holding when a person violates a law "repugnant to the constitution . . ., the entire proceeding against him is a nullity")).[3]

Stifle urges us not to follow Downing and its progeny, State v. Paniagua, 22 Wn. App. 2d 350, 511 P.3d 113 (2022), review denied, 200 Wn.2d 1018, 520 P.3d 970 (2022) and State v. Smith, No. 83875-0-I, (Wash. Ct. App. May 30, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/838750.pdf.[4] Stifle argues that the distinguishing fact is that "the predicate offense in Downing, unlawful issuance of a bank check, was not deemed unconstitutional" as had been the case

---

[3] Stifle also argues in passing that, "[b]ecause former RCW 69.50.4013(1) is a nullity," and the State cannot establish the first element of the crime charged, his conviction and incarceration represent "'a fundamental due process violation.'" Br. of Appellant at 14 (quoting In re Pers. Restraint of Hinton, 152 Wn.2d 853, 859, 100 P.3d 801 (2004)). He did not frame his argument in this way at the trial court level, engages in no constitutional analysis, and thus we will not address such "naked castings into the constitutional sea." State v. Billie, 132 Wn.2d 484, 493 n.2, 939 P.2d 691 (1997) (quoting In re Rosier, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986)).

[4] Although Smith is an unpublished opinion, we may properly cite and discuss it as a nonbinding authority where, as here, doing so is "necessary for a reasoned decision." GR 14.1(c).

in Blake.  As such, Downing is not controlling and "Paniagua and Smith were wrongly decided."  We disagree for two reasons.

First, our courts have rejected nearly every version of the arguments Stifle presents, after engaging in a close reading of the bail jumping statute.  In Downing, appellant "argue[d] that there is an additional, implied requirement that the charge underlying the bail jumping charge must be valid at the time the defendant failed to appear."  122 Wn. App. at 193.  Division II of this court rejected that argument, noting that "the fact that the court later dismissed the charges does not mean that it lacked jurisdiction to order Downing to appear and answer for those charges."  Id.  In doing so, the court analogized bail jumping to the crime of escape, holding "[i]n such cases, our courts have rejected arguments that the invalidity of the underlying conviction is a defense to the crime of escape."  Id.  And, ultimately, we held that "the State is not required to prove that a defendant was detained under a constitutionally valid conviction."  Id.

Likewise, the appellant in Smith argued "that absent a constitutionally valid crime, the first element was never satisfied."  State v. Smith, No. 83875-0-I, slip op. at 3.  This court "engage[d] in statutory interpretation" and rejected this argument, holding that "viewing the language [of the bail jumping statute] as a whole, which contemplates early stages of criminal proceedings, the validity of the underlying charge is not an element of the crime."  Id.  We held that "[f]ormer RCW 9A.76.170 . . . [requires] only that he be under charges at the time of the failure to appear. Thus, a predicate crime does not constitute an element of bail jumping."  Id. (quoting Paniagua, 22 Wn. App. 2d at 356).

4

Second, any contrary reading would encourage defendants to "tak[e] the law into one's own hand." Paniagua, 22 Wn. App. 2d at 358-59. That is, "[c]oncluding otherwise would mean that a criminal defendant would be left to decide whether to comply with the court's order to appear based on the defendant's own assessment of the validity of the underlying crime or criminal charge." Smith, No. 83875-0-I, slip op. at 4. Such a result would be untenable.

Stifle still urges us to follow In Re Pers. Restraint of Gonzales, No. 38080-7-III, (Wash. Ct. App. Oct. 19, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/380807_unp.pdf.[5] There, Division III of this court addressed the case of a petitioner convicted of one count of second degree unlawful possession of a firearm under RCW 9.41.040(2)(a)(i), which "made it a felony for any person who had previously been *convicted* for [PCS] under former RCW 69.50.4013 (2017) to possess a firearm." Gonzales, No. 38080-7-III, slip op. at 1 (emphasis added). "The State concede[d] that because Mr. Gonzales's previous felony convictions for [PCS] were unconstitutional, they could not be predicates for his conviction for unlawful possession of a firearm." Id. at 1-2. The court accepted the State's concessions and did not otherwise engage in any further analysis of RCW 9.41.040(2)(a)(i) or the effect of Blake on that statute, let alone any other statute. Id. at 2.

It is apparent, however, that RCW 9.41.040(2)(a)(i) specifically requires the defendant to have "previously been *convicted*" of the offenses listed in the statute.

---

[5] As with Smith, we cite to and discuss the unpublished opinion in Gonzales as doing so is "necessary for a reasoned decision." GR 4.1(c).

RCW 9.41.040(1)(a), (2)(a) (emphasis added). In contrast, bail jumping "contemplates the early stages of criminal proceedings" and, pursuant to the statutory analysis above, does not require a conviction as an element of the offense. Smith, No. 83875-0-I, slip op. at 3. Rather, the accused need only be "released by court order or admitted to bail" or "held for, charged with, *or* convicted." LAWS OF 2001, ch. 264, § 3 (quoting RCW 9A.76.170(1)); Downing, 122 Wn. App. at 192 (emphasis added). In short, Gonzales is inapposite because the firearm possession and bail jumping statutes contain different statutory elements. Paniagua, 22 Wn. App. 2d at 356 ("a predicate crime does not constitute an element of bail jumping.").

### III.     CONCLUSION

For the reasons above, we affirm the court's decision to not vacate Stifle's bail jumping conviction.


Díaz, J.


WE CONCUR:


Coburn, J.                                   Dwyer, J.